Case 7:23-cv-00010 Document 6 Filed on 03/07/23 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ERASMO ALVARADO and CATARINA ALVARADO, § § § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. 7:23-cv-00010 |
| § | |
| PNC BANK NATIONAL ASSOCIATION, § *f/k/a* BBVA USA, *f/k/a* BBVA COMPASS § BANK, § § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Defendant's Motion to Dismiss."[1] Plaintiffs have not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2] After considering the motion and relevant authorities, the Court **GRANTS** Defendant's motion.[3]

### I. BACKGROUND

This is a breach of contract lawsuit.[4] Plaintiffs filed suit in state court on December 6, 2022.[5] In their original petition, Plaintiffs allege that they entered into a contract with Defendant for a home construction loan.[6] Plaintiffs claim that they took steps in reliance on that loan and were then notified that the loan was never approved.[7] Thus, Plaintiffs bring causes of actions for

---

[1] Dkt. No. 3.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 10.
[4] Dkt. No. 1-1 at 4.
[5] *Id.*
[6] *Id.* at 5.
[7] *Id.* at 6.

breach of contract, negligence, breach of fiduciary duty, and fraud and misrepresentation.[8] Defendant removed to this Court on January 9, 2023. The Court now turns to Defendant's motion to dismiss.

## II. DISCUSSION

### a. Jurisdiction

Plaintiffs are citizens of the state of Texas[9] and Defendant is a citizen of the state of Delaware.[10] In the Original Petition, Plaintiffs seek damages in excess of $200,000.00.[11] Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### b. Legal Standard

The Court uses federal pleading standards to determine the sufficiency of a complaint.[12] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges a plaintiff's right to relief based upon those facts."[13] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] The Court reads the complaint as a whole[15] and accepts all well-pleaded facts as true (even if doubtful or suspect[16]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion

---

[8] *Id.* at 6-8.
[9] Dkt. No. 1-1 at 4.
[10] Dkt. No. 1 at 2.
[11] Dkt. No. 1-1 at 7.
[12] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[13] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[15] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").
[16] *Twombly*, 550 U.S. at 555–56.

is viewed with disfavor[17]), but will not strain to find inferences favorable to the plaintiff,[18] but also will not indulge competing reasonable inferences that favor the Defendant.[19] A plaintiff need not plead evidence[20] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[21] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[22]

In evaluating a motion to dismiss, courts first disregard any conclusory allegations or legal conclusions[23] as not entitled to the assumption of truth,[24] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[25] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[27] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible,"[28] because discovery is not a license to fish for a colorable

---

[17] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).
[18] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[19] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[20] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[21] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[22] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[23] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").
[24] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").
[25] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").
[26] *Iqbal*, 556 U.S. at 678.
[27] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).
[28] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

claim.[29] The complaint must plead every material point necessary to sustain recovery; dismissal is proper if the complaint lacks a requisite allegation.[30] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[31]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[32] Attachments to the complaint become part of the pleadings for all purposes,[33] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[34] except in the case of affidavits.[35] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[36] but not if the material is a matter of public record[37] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[38]

---

[29] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").
[30] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[31] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).
[32] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[33] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[34] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014).
[35] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[36] FED. R. CIV. P. 12(d).
[37] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).
[38] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

### c. Analysis

Defendant argues that the Court should dismiss Plaintiffs' claims because: (1) the statute of frauds bars Plaintiffs' contract, fraud, and misrepresentation claims; (2) Plaintiffs' fraud, misrepresentation, and negligence claims are barred by the economic loss doctrine; (3) Plaintiffs fail to plead fraud with particularity pursuant to Rule 9(b); (4) Defendant owes no fiduciary duty to Plaintiffs; and finally (5) amendment would be futile. The Court will address each argument in turn.

#### 1. *The statute of frauds - Plaintiffs' contract, fraud, and misrepresentation claims.*

Defendant argues that "[t]he primary basis of Plaintiffs' lawsuit is supposed oral conversations Plaintiffs had with unnamed employees of [Defendant] wherein they were purportedly promised a loan."[39] As Defendant notes, the Fifth Circuit has held that "[a] loan agreement for more than $50,000.00 is not enforceable unless it is in writing,"[40] and "a promise relating to the sale of real estate must be in writing."[41] Thus, Defendant argues that "any alleged oral agreement to lend money, much like the one claimed by Plaintiffs in the present case, is unenforceable."[42] Plaintiffs' original petition merely asserts that "Plaintiffs and Defendant entered into a valid and enforceable contract."[43] However, this is a conclusory allegation and is not entitled to the assumption of truth. Plaintiffs do not allege that there was a written contract and they have not responded to the motion with any allegation that a written contract exists. Thus, the Court agrees with Defendant that Plaintiffs' claims are unenforceable under the statute of frauds.

---

[39] Dkt. No. 3 at 3.
[40] *Id.*
[41] *Id.*
[42] *Id.* at 4.
[43] Dkt. No. 1-1 at 6-7, ¶¶ 10-13.

However, Defendant has not discussed promissory estoppel in its motion to dismiss. The Court believes that a discussion is necessary as Plaintiffs plead in their original petition that they relied upon misrepresented facts and details to their detriment.[44] "While promissory estoppel is normally a defensive theory, it may serve as an independent cause of action when, as here, a plaintiff is unable to plead a successful breach-of-contract claim."[45] "Promissory estoppel allows a court to enforce an otherwise unenforceable oral agreement."[46] But, "[p]romissory estoppel is not applicable to a promise covered by a valid contract between the parties."[47] Thus, promissory estoppel is relevant here because Defendant claims that there is no valid contract.[48] "The elements of a promissory-estoppel claim are (1) a promise; (2) foreseeability of reliance by the promisor; (3) actual, substantial, and reasonable reliance by the promisee to its detriment; and (4) injustice that can be avoided only by enforcement of the promise."[49] "In addition, when promissory estoppel is used to enforce a promise that would be unenforceable because of the statute of frauds, the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds."[50] Here, there is no evidence that there was a promise to sign an already existing written agreement that itself would satisfy the requirements of the statute of frauds. In fact, Defendant denies the existence of any oral agreement and any written

---

[44] *Id.* at 7, ¶ 20.
[45] *Johnson v. World All. Fin. Corp.*, SA14CA281OLGHJB, 2015 WL 12570894, at *8 (W.D. Tex. July 15, 2015), *report and recommendation adopted,* SA-14-CA-281-OG, 2015 WL 12586086 (W.D. Tex. Aug. 26, 2015), *aff'd,* 830 F.3d 192 (5th Cir. 2016) (citing *Rice v. Metro. Life Ins. Co.,* 324 S.W.3d 660, 673 (Tex. App.—Fort Worth 2010, no pet.) (citing *Wheeler v. White*, 398 S.W.2d 93, 97 (Tex. 1965)).
[46] *Id.* at *8 (citing *Hairston v. S. Methodist Univ.*, 441 S.W.3d 327, 335 (Tex. App.—Dallas 2013, pet. denied)(internal citations omitted)).
[47] *Id.* at *8 (citing *Trevino & Assocs. Mech., L.P. v. Frost Nat'l Bank,* 400 S.W.3d 139, 146 (Tex. App.—Dallas 2013, no pet.)).
[48] Dkt. No. 3 at 4.
[49] *George-Baunchand v. Wells Fargo Home Mortg., Inc.,* CIV.A. H-10-3828, 2011 WL 6250785 (S.D. Tex. Dec. 14, 2011)(citing *Ellen v. F.H. Partners, LLC,* 03-09-00310-CV, 2010 WL 4909973 (Tex. App.--Austin Dec. 1, 2010) (citing *In re Weekley Homes, L.P.,* 180 S.W.3d 127 (Tex. 2005)).
[50] *Id.* (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)).

agreement.[51] Accordingly, in addition to finding that the statute of frauds bars Plaintiffs' claim for breach of contract, the Court finds that Plaintiffs' promissory estoppel claim also fails.

As for the fraud and misrepresentation claims, "[g]enerally, under Texas law, a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."[52] "To the extent, however, that a plaintiff's fraud claim seeks out-of-pocket damages incurred by relying upon a defendant's misrepresentations, those damages are not part of the benefit of any bargain between the parties. They, therefore, might be recoverable without contravening the statute of frauds."[53]

Here, Plaintiffs allege that "Defendant fraudulently misrepresented important facts and details that the Plaintiffs relied upon to their detriment" and therefore "Defendant's actions constitute fraud and misrepresentation, and the Defendant is liable to Plaintiff for actual damages as allowed by law."[54] Plaintiffs do not detail these damages, thus, recovery may not be barred by the statue of frauds. The Court addresses this in the next section.

> 2. *The economic loss doctrine – Plaintiffs' fraud, misrepresentation, and negligence claims*

Defendant next argues that "[e]ven if [Defendant] did improperly deny the loan (which is denied), those actions would constitute a breach of the Parties' purported agreement — not fraud or negligence."[55] Thus, Defendant asks the Court to find that Plaintiffs' fraud, misrepresentation, and negligence claims are barred as a matter of law."[56]

---

[51] Dkt. No. 3 at 4.
[52] *Hugh Symons Group, plc. V. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2001)).
[53] *Id.*
[54] Dkt. No. 1-1 at 7-8.3
[55] *Id.* at 5.
[56] *Id.*

As Defendant states,

> [a]lthough a party's actions may breach duties in tort, contract, or both, Texas jurisprudence has long recognized that 'mere nonfeasance under a contract creates liability only for breach of contract.' Thus, tort damages are not recoverable by a plaintiff unless the plaintiff suffered an injury that is separate from the economic losses recoverable under a breach of contract claim. In deciding whether a plaintiff may recover in tort, contract, or both, a court must determine: (1) whether the claim is for breach of a duty created solely by the contract rather than a duty imposed by law; and (2) whether the injury is only the economic loss subject to the contract. If the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim may also sound in tort.

Here, Plaintiffs' fraud, misrepresentation, and negligence claims all arise from the alleged contract. Further, Plaintiffs' claims do not allege that there is economic loss that would not be subject to the alleged contract.

As a small note, there is an exception to the economic loss doctrine in Texas. "[T]he Supreme Court has stated that fraudulent inducement claims are not subject to the economic loss rule."[57] Because Plaintiffs' claims sound in fraudulent misrepresentation, the Court finds that the economic loss doctrine bars Plaintiffs' fraud, misrepresentation, and negligence claims.

### 3. Rule 9(b) – fraud

Defendant further argues that "Plaintiffs fail to specifically state how [Defendant] allegedly defrauded them, what statements Plaintiffs consider to be fraudulent, who [] made those statements, and when the statements were made."[58] Thus, Defendant argues that any claim sounding in fraud should be dismissed.[59]

---

[57] *Miller v. CitiMortgage, Inc.*, 970 F.Supp.2d 568, 584 (N.D. Tex. 2013) (*citing Formosa Plastics Corp. USA*, 960 S.W.2d at 47) ("[T]ort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract.").
[58] Dkt. No. 3 at 6.
[59] *Id.*

Federal Rule of Civil Procedure 9(b) requires that Plaintiffs, "[i]n alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[60] "The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[61] This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[62]

Plaintiffs' petition merely states that "Defendant fraudulently misrepresented important facts and details that the Plaintiffs relied upon to their detriment" and "Defendant's actions constitute fraud and misrepresentation, and the Defendant is liable to Plaintiff for actual damages as allowed by law."[63] Plaintiffs' threadbare allegations fail to "illustrate the who, what, when, where, why and how of the alleged fraud."[64] Thus, the Court finds that Plaintiffs' allegations of

---

[60] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).
[61] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) & *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).
[62] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).
[63] Dkt. No. 1-1 at 7-8.
[64] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) & *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).

fraud fail to meet the Rule 9(b) standard and thus fail to state a claim upon which relief can be granted.

### 4. Breach of fiduciary duty

Defendant next argues that the Court should dismiss Plaintiffs' breach of fiduciary duty claim because Defendant did not owe Plaintiffs a fiduciary obligation in reviewing their application for a loan.

"The Texas Supreme Court has expressly rejected [Plaintiffs'] position, holding that such a duty is recognized only where the contract between the parties expressly provides such a duty or where there is a special relationship between the parties to the contract."[65] Here, "the relationship between borrowers and lenders does not amount to a special or fiduciary relationship, nor do the parties have a written agreement imposing such a duty."[66] Accordingly, the Court finds that Plaintiffs' breach of fiduciary duty claim fails to state a claim upon which relief can be granted.

### 5. Amendment

Lastly, Defendant argues that "Plaintiffs should not be granted leave to amend their Complaint because such amendment would be futile."[67]

Here, Plaintiffs have not even responded to the instant Motion to Dismiss, much less requested leave to amend their complaint. However, even if Plaintiffs were to request leave to amend, the Court finds that such amendment would be futile for the reasons outlined above.

---

[65] *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983); Manges v. Guerra, 673 S.W.2d 180, 183 (Tex. 1984).
[66] Dkt. No. 3 at 7 (citing *Mfrs. Hanover Trust Co. v. Kingston Investors Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("It is well settled that the relationship between a borrower and its lender is neither a fiduciary relationship, nor a special relationship."); see also *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.3d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, no writ.) (ruling no fiduciary or special relationship exists between lender and borrower); *Davis v. West*, 317 S.W.3d 301, 212 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (same).
[67] Dkt. No. 3 at 7.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that Plaintiffs fails to state any claims upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's motion to dismiss.[68] All of Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will issue pursuant to Rule 56.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of March 2023.

                                                Micaela Alvarez
                                        United States District Judge

---

[68] Dkt. No. 3.